1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9   PATRICK BLACKSHIRE,

10          Plaintiff,                    Case No. 2:12-cv-2137 KJM DAD PS

11      v.

12   SACRAMENTO COUNTY               ORDER
     SHERIFF,
13

14          Defendant.

15   _____/

16          Plaintiff, Patrick Blackshire, is proceeding in this action pro se.  This matter was

17   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

18   Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19          Plaintiff, however, has submitted an incomplete in forma pauperis application.  In

20   this regard, plaintiff's application indicates that in the past 12 months he has received disability

21   or worker's compensation payments.  Nonetheless, plaintiff in his in forma pauperis application

22   though does not state the source of the money, the amount received and what he expects to

23   receive in the future, all of which is information asked for on the form.

24          Moreover, even if plaintiff had submitted a complete in forma pauperis

25   application that made the showing required by 28 U.S.C. § 1915(a)(1), a determination that a

26   plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required

1

1   by the statute.   "'A district court may deny leave to proceed in forma pauperis at the outset if it

2   appears from the face of the proposed complaint that the action is frivolous or without merit.'"

3   Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank

4   & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th

5   Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in

6   forma pauperis to determine whether the proposed proceeding has merit and if it appears that the

7   proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in

8   forma pauperis.").  Moreover, the court must dismiss an in forma pauperis case at any time if the

9   allegation of poverty is found to be untrue or if it is determined that the action is frivolous or

10  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

11  an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it

12  lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);

13  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must

14  dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or

15  where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. §

16  1915(e).

17           To state a claim on which relief may be granted, the plaintiff must allege "enough

18  facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

19  U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

20  accepts as true the material allegations in the complaint and construes the allegations in the light

21  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

22  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

23  1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

24  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

25  true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

26  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

1    Here, plaintiff's amended complaint is deficient in several respects.  In this regard,

2    the minimum requirements for a civil complaint in federal court are as follows:

3         A pleading which sets forth a claim for relief . . . shall contain (1) a
          short and plain statement of the grounds upon which the court's
4         jurisdiction depends . . . , (2) a short and plain statement of the
          claim showing that the pleader is entitled to relief, and (3) a
5         demand for judgment for the relief the pleader seeks.

6    Fed. R. Civ. P. 8(a).

7    Plaintiff's amended complaint does not comply with Rule 8.  Instead, the

8    amended complaint is simply a one-page document, consisting of nineteen vague and conclusory

9    allegations concerning alleged wrongs plaintiff has endured over many years, apparently at the

10   hands of the Sacramento County Sheriff's Department.  In fact the court cannot be certain of

11   even that much since the amended complaint lacks a caption or a clear identification of the

12   named defendant in this action.

13   Moreover, plaintiff's amended complaint does not contain a plain statement of the

14   grounds upon which the court's jurisdiction depends.  Jurisdiction is a threshold inquiry that

15   must precede the adjudication of any case before the district court.  Morongo Band of Mission

16   Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts

17   are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.

18   Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S.

19   131, 136-37 (1992).[1]  "Federal courts are presumed to lack jurisdiction, 'unless the contrary

20   appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993)

21   (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

22   Lack of subject matter jurisdiction may be raised by the court at any time during

23   the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

24   _____

25        [1] Congress has conferred jurisdiction upon the federal district courts as limited by the
     United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v.
26   Richards, 504 U.S. 689, 697-99 (1992).

1    Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]

2    has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It

3    is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux

4    v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

5    cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

6            The burden of establishing jurisdiction rests upon plaintiff as the party asserting

7    jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

8    (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

9    implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

10   within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

11   (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

12   insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

13   jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

14   "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

15   jurisdiction . . . and may be dismissed sua sponte before service of process.").  Here, plaintiff's

16   amended complaint fails to identify the grounds upon which the court's jurisdiction rests.

17           Plaintiff's amended complaint also fails to contain a plain statement of his claim

18   showing that he is entitled to relief.  As noted, here the amended complaint consists entirely of

19   vague and conclusory allegations concerning the many wrongs plaintiff has suffered over the

20   years.  For example, the amended complaint alleges that on "numerous times" plaintiff has been

21   wrongfully arrested, that he was "assaulted sexually harassed abused neglected tortured all at the

22   hands of deputies," that on several occasions he was unlawfully searched and seized," and that

23   "there are far many more incidents to speak of but it pains [plaintiff] to speak of them.  (Am.

24   Compl. (Doc. No. 3) at 1.)

25           Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

26   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

1  state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v.</u>

2  <u>Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

3  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

4  does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

5  enhancements.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at

6  555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the

7  defendants engaged in that support the plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.  Under these

8  standards, a complaint should state identifiable causes of action and allege facts that satisfy the

9  elements of those causes of action both plainly and succinctly, alleging specific acts engaged in

10  by the defendant that would support plaintiff's claim.

11          Finally, plaintiff's amended complaint does not contain a demand for judgment

12  addressing the relief he seeks.

13          Accordingly, plaintiff's amended complaint will be dismissed for failure to state a

14  claim.  The undersigned has carefully considered whether plaintiff may further amend the

15  complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

16  amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg.</u>

17  <u>Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See also</u> <u>Klamath-Lake</u>

18  <u>Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

19  while leave to amend shall be freely given, the court does not have to allow futile amendments).

20  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be

21  dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in

22  support of his claim which would entitle him to relief.'"  <u>Franklin v. Murphy</u>, 745 F.2d 1221,

23  1228 (9th Cir. 1984) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972).  <u>See also</u> <u>Weilburg v.</u>

24  <u>Shapiro</u>, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

25  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

26  /////

1   cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir.

2   1988)).

3          Here, the court cannot say that it appears beyond doubt that leave to amend would

4   be futile.  Plaintiff's amended complaint will therefore be dismissed, and plaintiff will be granted

5   leave to file a further amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects

6   to file a further amended complaint "the tenet that a court must accept as true all of the

7   allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

8   the elements of a cause of action, supported by mere conclusory statements, do not suffice."

9   <u>Ashcroft</u>, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework,

10  they must be supported by factual allegations."  <u>Id</u>. at 679.  Those facts must be sufficient to push

11  the claims "across the line from conceivable to plausible[.]"  <u>Id</u>. at 680 (quoting <u>Twombly</u>, 550

12  U.S. at 557).

13         Plaintiff is also reminded that the court cannot refer to a prior pleading in order to

14  make an amended complaint complete.  Local Rule 220 requires that any amended complaint be

15  complete in itself without reference to prior pleadings.  The amended complaint will supersede

16  the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended

17  complaint, just as if it were the initial complaint filed in the case, each defendant must be listed

18  in the caption and identified in the body of the complaint, and each claim and the involvement of

19  each defendant must be sufficiently alleged.  Plaintiff's amended complaint must include concise

20  but complete factual allegations describing the conduct and events which underlie plaintiff's

21  claims.

22  /////

23  /////

24  /////

25  /////

26  /////

1        Accordingly, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's August 16, 2012, application to proceed in forma pauperis (Doc. No.

3 2) is denied without prejudice.[2]

4        2.  The amended complaint filed October 15, 2012 (Doc. No. 3) is dismissed with

5 leave to amend.

6        3.  Within twenty-eight days from the date of this order, an amended complaint

7 shall be filed that cures the defects noted in this order and complies with the Federal Rules of

8 Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case

9 number assigned to this action and must be titled "Second Amended Complaint."

10        4.  Failure to comply with this order in a timely manner may result in a

11 recommendation that this action be dismissed.

12 DATED: October 28, 2012.

13

14 _____

15 DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

16

17 DAD:6
Ddad1\orders.pro se\blackshire2137.ifp.den.ord

18

19

20

21

22

23

---

24    [2]  If plaintiff elects to file a second amended complaint, he may submit a new application to proceed in forma pauperis or pay the required filing fee.

25

26    [3]  Alternatively plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.