IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK BLACKSHIRE,

    Plaintiff,

v.

SACRAMENTO COUNTY SHERIFF,

    Defendant.

Case No. 2:12-cv-2137 KJM DAD PS

FINDINGS AND RECOMMENDATIONS

    Plaintiff, Patrick Blackshire, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff previously submitted an incomplete in forma pauperis application and a deficient first amended complaint in this action. Accordingly, on October 29, 2012, the undersigned issued an order denying plaintiff's in forma pauperis application without prejudice, dismissing plaintiff's first amended complaint and granting plaintiff leave to file a second amended complaint. (Doc. No. 4.) In that order, plaintiff was instructed that in the event he elected to file a second amended complaint he could submit a new application to proceed in forma pauperis or pay the required filing fee.

/////

/////

1

On November 9, 2012, plaintiff filed a second amended complaint.[1] (Doc. No. 5.) Plaintiff has not filed a completed application to proceed in forma pauperis. Unless plaintiff is granted leave to proceed in forma pauperis a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a).

Moreover, even if plaintiff had submitted a complete in forma pauperis application that made the showing required by 28 U.S.C. § 1915(a)(1), a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). The court may also dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

---

[1] On November 26, 2012, plaintiff filed a half-page document styled "Amended complaint continued." (Doc. No. 6.) That documents shares the same defects as plaintiff's second amended complaint.

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Here, plaintiff's second amended complaint is deficient in several respects.  In this regard, the minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Plaintiff's second amended complaint does not comply with Rule 8.  Instead, the second amended complaint is simply a one-page document, consisting of vague and conclusory allegations concerning alleged wrongs plaintiff has endured, apparently at the hands of the Sacramento County Sheriff's Department.  Plaintiff's allegations are vague and he has failed to cite any specific date or reference the name of anyone involved in the actions about which he complains.

Plaintiff's second amended complaint also fails to contain a plain statement of his claim showing that he is entitled to relief.  For example, in the second amended complaint plaintiff alleges simply that he was subject to "[s]everal incidents of unlawful search and seizure," subject to "[u]njust forms of discipline," and "several times" had his "release day . . .

3

delayed without due cause." (Sec. Am. Compl. (Doc. No. 5) at 1.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. Under these standards, a complaint should state identifiable causes of action and allege facts that satisfy the elements of those causes of action both plainly and succinctly, alleging specific acts engaged in by the defendant that would support plaintiff's claim.

Accordingly, plaintiff's second amended complaint must be dismissed for failure to state a claim. The undersigned has carefully considered whether plaintiff could file a third amended complaint that states a cognizable claim that would not be subject to dismissal. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies in the second amended complaint noted above, and plaintiff's failure to successfully amend his complaint when provided the

/////
/////
/////
/////

opportunity to do so, the court finds that it would be futile to grant plaintiff further leave to amend.[2]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 9, 2012 amended complaint (Doc. No. 5) be dismissed without leave to amend; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 15, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\blackshire2137.dwolta.f&rs

---

[2] The court also notes that the defects found in plaintiff's second amended complaint were also present in his first amended complaint and that the court advised plaintiff of these defects in the October 29, 2012 order dismissing the first amended complaint with leave to amend.

5