UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK BLACKSHIRE, | No. 2:12-cv-02137-KJM-DAD |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, | |
| Defendant. | |

Plaintiff, proceeding pro se, seeks to reopen his case, which he initially brought on August 16, 2012. ECF No. 1. He filed a first amended complaint on October 15, 2012, alleging various incidents of abuse, unlawful searches, and constitutional violations by "the Sacramento county sheriff," "deputies," and his probation officer. ECF No. 3. The assigned magistrate judge dismissed the complaint with leave to amend on October 29, 2012. ECF No. 4. Plaintiff filed a second amended complaint on November 9, 2012. ECF No. 5. Plaintiff alleged generally the same facts, but included some case citations and requested damages in the amount of $23,061,830. The magistrate judge recommended that the second amended complaint be dismissed without leave to amend, ECF No. 7, and this court adopted that recommendation in full on June 14, 2013, ECF No. 14. On May 26, 2015, plaintiff filed the instant motion to reopen his case, stating that he has been incarcerated since June 20, 2013 and therefore was unable to pursue an appeal. ECF No. 16.

1    The court construes plaintiff's motion to reopen his case as a motion for
2    reconsideration under Federal Rule of Civil Procedure § 60(b).[1]  The court has discretion to
3    reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994);
4    *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992).  Motions for
5    reconsideration are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456,
6    460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly
7    convincing nature to induce the court to reverse its prior decision. *See Kern–Tulare Water Dist.*
8    *v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in*
9    *part on other grounds*, 828 F.2d 514 (9th Cir. 1987).  "A motion for reconsideration should not
10   be granted, absent highly unusual circumstances, unless the . . . court is presented with newly
11   discovered evidence, committed clear error, or if there is an intervening change in the controlling
12   law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.
13   2009), and "'[a] party seeking reconsideration must show more than a disagreement with the
14   Court's decision, and 'recapitulation . . . '" of that which was already considered by the court in
15   rendering its decision. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D.
16   Cal. 2001) (citation omitted).  When filing a motion for reconsideration, Local Rule 230(j)
17   requires a party to show the "new or different facts or circumstances claimed to exist which did
18   not exist or were not shown upon such prior motion, or what other grounds exist for the motion."
19   L.R. 230(j).
20   /////
21   /////
22   /////
23   /////
24   /////
25   /////

---

[1] If the court were to construe the motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the motion would have to be denied because such a motion must be made within ten days of the entry of judgment.  Here, plaintiff moves almost two years after the final judgment was entered.

1    Plaintiff's motion is a one-page handwritten document stating that he has been
2 unable to pursue his case, and requests that the court reopen it "to bring fair and just closure . . . ."
3 ECF No. 16.  He does not set forth any new facts or evidence, or change in law, justifying
4 reconsideration of the court's dismissal of his action.  Without any basis for reconsidering of that
5 order, the court DENIES plaintiff's motion.
6    IT IS SO ORDERED.
7 DATED: July 14, 2015.

_____
UNITED STATES DISTRICT JUDGE